UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CARLOS TORRES,

                                        Plaintiff,

          vs.                                                      9:06-CV-818
                                                                   (GLS/GJD)

WALTER GAVULA, et al.,

                                        Defendants.

_____

CARLOS TORRES, Plaintiff pro se
DAVID M. FINKELSTEIN, Asst. Attorney General for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

### REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this amended civil rights complaint, plaintiff alleges that defendants violated his right to be free from cruel and unusual punishment as well as his due process rights. (Dkt. No. 7)(Second Amended Complaint).  Plaintiff seeks substantial monetary relief.

Presently before the court is defendants' motion to dismiss for failure to prosecute pursuant to FED. R. CIV. P. 41(b). (Dkt. No. 16). Plaintiff has not responded to the motion.  For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

**DISCUSSION**

1. <u>**Background**</u>

Plaintiff filed this action on June 30, 2006. (Dkt. No. 1).  On August 4, 2006, the court ordered plaintiff to file an amended complaint because the original complaint was written almost completely in Spanish. (Dkt. No. 4).  On August 17, 2006, plaintiff filed his first amended complaint. (Dkt. No. 5).  However, part of the first amended complaint was still written in Spanish, and on September 11, 2006, the court again ordered plaintiff to file an amended complaint that was ***completely*** written in English. (Dkt. No. 7).  Plaintiff filed his second amended complaint on September 25, 2006. (Dkt. No. 7).

Plaintiff's second amended complaint complied with the court's orders and was written completely in English. (Dkt. No. 7).  On October 31, 2006, District Judge Sharpe allowed the complaint to go forward. (Dkt. No. 8).  However, Judge Sharpe also noted that plaintiff had named two "John Doe" defendants and warned plaintiff that he must attempt to identify those individuals in order to pursue any claims against them. *Id.* at p.2.  The order stated that the failure to identify the "John Does" and to amend the complaint to reflect their identities would ultimately result in the dismissal of the action against them. *Id.* at pp.2-3.  Plaintiff was specifically warned that he must notify the Clerk of the Court of ***any change of address*** and that the failure to so could result in the dismissal of the action. *Id.* at p.4.

On November 6, 2006, Judge Sharpe's order was returned to the court as "undeliverable." (Dkt. No. 9).  Shortly thereafter, plaintiff sent the court a notice of his

new address at the Buffalo Federal Detention Center. (Dkt. No. 10). The court then mailed Judge Sharpe's order to plaintiff's new address. On **_March 5, 2007_**, plaintiff filed a notice, stating that he was being deported. (Dkt. No. 13). In that notice, plaintiff stated that he did **_not_** wish to abandon his civil actions in Federal Court,[1] but would file a change of address with the court when he arrived in the Dominican Republic. *Id.* No further address changes have been received from plaintiff.

## 2.    <u>Failure to Prosecute</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives)(dissenting opinion).

"The demand that plaintiffs provide contact information **_is no esoteric rule of_**

---

[1] Plaintiff had another action pending in the Northern District of New York. *Torres v. McCarthy*, 9:06-CV-579 (GLS/RFT). Although plaintiff's March 1, 2007 letter (received by the court on March 5, 2007) in this action cited 06-CV-579 and stated that plaintiff did not wish to abandon his actions, 06-CV-579 had **_already been dismissed_** by Judge Sharpe. *Torres v. McCarthy*, 9:06-CV-579 was dismissed on **_January 29, 2007_** for failure to file an amended complaint in compliance with an order by Judge Sharpe. 06-CV-579 (Dkt. Nos. 9, 12). The court notes that Judge Sharpe's order and the subsequent dismissal were sent to plaintiff at the Buffalo Federal Detention Center address at a time when he was present at that address. Thus, plaintiff was aware of Judge Sharpe's order and the dismissal of the action.

*civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.*" *Dumpson v. Goord*, 2004 U.S. Dist. LEXIS 14317, *8 (W.D.N.Y. July 22, 2004)(emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.*  Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

In this case, plaintiff was clearly warned of the consequences of his failure to notify the court of a change of address.  He was clearly aware of this requirement because he updated his address when he was transferred to the Buffalo Federal Detention Center.  He also informed the court in March of 2007 that he was being deported and specifically stated that he would send the court a change of address when he arrived in the Dominican Republic.

On June 13, 2007, this court attempted to issue a Pretrial Scheduling Order, but

4

could not serve it on plaintiff because he has never filed his new address.  The last address filed with the court was the Buffalo Federal Detention Center, and the court sent the scheduling order to that address.  On June 20, 2007, the mail was returned as "undeliverable" (Dkt. No. 17).  Defendants filed their motion to dismiss for failure to prosecute on June 13, 2007, (Dkt. No. 16), and there has understandably been no response from plaintiff.

Defense counsel states in his motion that he served a notice of deposition on plaintiff at the Buffalo Federal Detention Center on May 29, 2007, but that notice was also returned, marked "return to sender/no addressee/unable to forward." Finkelstein Decl. ¶¶ 3-4.  It does not appear that any discovery was completed prior to plaintiff's removal from the United States.

The court is in a difficult position.  It is clear that plaintiff was aware of his responsibility to change his address, and he has not done so for approximately four months,[2] despite telling the court that he would do so.  No discovery appears to have occurred in this case, and it is doubtful that plaintiff would be able to participate in any in-court proceedings, given his deportation.  The incidents in this lawsuit allegedly occurred beginning on May 17, *2006*, and two out of the three defendants have not even been ***identified***.  Additionally, the court has no way of knowing if and when plaintiff will decide to update his address.  The named defendant will be

---

[2] The notice of plaintiff's deportation was sent March 1, 2007, and although it is unclear exactly when he was deported, mail sent to plaintiff by defendants on May 29, 2007 was returned.  Thus, plaintiff was deported some time between March 1, 2007 and the end of May 2007.

prejudiced by having a pending action against him with no indication of when it might be resolved and no ability to engage in discovery or to move the case forward.

Given the circumstances of this case, the court finds that there are no alternative sanctions to recommending dismissal. This court has carefully considered the plaintiff's right to be heard. Until March of 2007, plaintiff has complied with the court's order that he file changes of address, and in fact, he filed a letter informing the court of his upcoming deportation. Plaintiff may be having trouble getting settled in his new country and may not have had the opportunity to contact the court with his new address.

For that reason, the court will recommend dismissal *without prejudice* for a period of *ninety (90) days*, at which time, if the plaintiff has not updated his address, the court recommends that the dismissal be *with prejudice*. This solution alleviates some of the harshness of the remedy of dismissal. If plaintiff does update his address, then the court *may* consider reopening the case after determining whether plaintiff had good cause for the lengthy delay.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to prosecute (Dkt. No. 16) be **GRANTED**, and that the amended complaint be **DISMISSED WITHOUT PREJUDICE FOR NINETY (90) DAYS FROM THE DATE OF THE DISTRICT COURT'S ORDER**, at which time, it is

**RECOMMENDED**, that if plaintiff has failed to update his address, the amended complaint be **DISMISSED WITH PREJUDICE**, and it is further

6

**RECOMMENDED**, that if plaintiff files a change of address before the expiration of one hundred eighty (180) days from the date of the District Court's order, the case be returned to me to evaluate whether the case should be reopened.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 31, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge